## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| Mariah Glenna, and Corey Glenna, | Civil Action No. |
| Plaintiffs, | |
| – against– | **COMPLAINT** |
| Chase Bank USA, N.A., Equifax Inc., Experian Information Solutions, Inc., and Trans Union LLC, | |
| Defendants. | |

## <u>COMPLAINT</u>

Plaintiffs, Mariah Glenna and Corey Glenna (hereinafter collectively "Plaintiffs"), by and through their attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendants, Chase Bank USA, N.A. ("Chase"), Equifax Inc. ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Transunion"), allege as follows:

## <u>INTRODUCTION</u>

1. This is an action for damages brought by individual consumers for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

## **PARTIES**

2. Plaintiff Mariah Glenna, is an adult citizen of the state of Minnesota domiciled in Shafer, MN.

3. Plaintiff Corey Glenna, is an adult citizen of the state of Minnesota domiciled in Shafer, MN.

4. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

5. Defendant Chase is a corporation organized and existing under the laws of Delaware that furnishes consumer credit information to consumer reporting agencies.  It has a principal place of business located at 201 North Walnut Street, Wilmington, DE 19801.

6. Defendant Equifax is a corporation organized and existing under the laws of Georgia that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 1550 Peachtree Street NW, H46, Atlanta, GA, 30309.

7. Defendant Experian is a corporation organized and existing under the laws of Ohio that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

8. Defendant Transunion is a limited liability company organized and existing under the laws of Delaware that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 555 W. Adams, Chicago, IL 60661.

2

**JURISDICTION AND VENUE**

9.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and pursuant to 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States district court, without regard to the amount in controversy.

10. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in Delaware.

**FACTUAL ALLEGATIONS**

11. Defendant Chase issued three credit card accounts ending in 2149, 8648, and 8314 to Plaintiffs.  These accounts were routinely reported on Plaintiffs' consumer credit reports.

12. The consumer reports at issue are a written communication of information concerning Plaintiffs' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

13. On or about October 29, 2014, Chase Bank (USA), N.A. ("Chase") issued a 1099-C discharging $2,160.44 on Mariah Glenna's Chase account ending in 2149. A copy of the 1099-C is attached hereto as Exhibit A.

14. On or about November 30, 2014, Chase issued a 1099-C discharging $14,200.01 on Mariah Glenna's Chase account ending in 8648. A copy of the 1099-C is attached hereto as Exhibit B.

15. On October 29, 2014, Chase issued a 1099-C discharging $1,153.29 on Mariah Glenna's Chase account ending in 8314. A copy of the 1099-C is attached hereto as Exhibit C.

16. However, over one year later, all three of Mariah Glenna's Chase accounts are still being negatively reported.

17. Specifically, the account ending in 2149 was reported with a status of "Collection/Charge Off" and a balance of $5,018 by Experian, Transunion, and Equifax. The relevant portions of Mariah Glenna's credit reports for the account ending in 2149 are attached hereto as Exhibit D.  The trade lines for Experian and Transunion were pulled on January 26, 2016 and the trade line for Equifax was pulled on April 25, 2016.

18. The account ending in 8648 was reported with a status of "Collection/Charge Off," a balance of $17,092, and a past due balance of $17,092 by Experian and Equifax. The relevant portions of Mariah Glenna's credit report for the account ending in 8648 are attached hereto for as Exhibit E.  The trade line for Experian was pulled on January 26, 2016, and the trade line for Equifax was pulled on April 25, 2016.

19. The account ending in 8314 was reported with a status of "Collection/Charge Off," a balance of $2,618, and a past due balance of $2,618 by Equifax, Experian, and Transunion. The relevant portions of Mariah Glenna's credit

4

report for the account ending in 8314 are attached hereto as <u>Exhibit F</u>.  The trade lines for Experian and Transunion were pulled on March 18, 2016 and the trade line for Equifax was pulled on April 25, 2016.

20. The trade lines for the accounts were inaccurately reported.

21. As evidenced by the attached 1099-C for each account, all three debts were discharged and have a balance of $0 and should be reported as such.

22. Corey Glenna is an authorized user for the above referenced accounts ending in 2149 and 8314.

23. Although the debts were discharged, over a year later, both of the Chase accounts are still being negatively reported on Corey Glenna's credit report.

24. In particular, on a requested credit report dated January 6, 2016, the account ending in 2149 was reported with a status of "Charge Off", a balance of $5,018, and a past due balance of $5,018.

25. On the same credit report, the account ending in 8314 was reported with a status of "Charge Off," a balance of $2,618, and a past due balance of $2,618. The relevant portions of Corey Glenna's credit report are attached hereto as <u>Exhibit G</u>.

26. The inaccuracies were brought to Plaintiffs' attention by Homes Mortgage, when they were informed that they would not be approved for a mortgage, due to the above mentioned inaccuracies reported on their credit reports by Defendants. A correspondence from Homes Mortgage is attached hereto as <u>Exhibit H</u>.

27. Plaintiffs notified Defendants directly of the disputes on the Chase accounts' completeness and/or accuracy.  Mariah Glenna's dispute letters and certified mail receipts are attached hereto as <u>Exhibit I</u>. Corey Glenna's dispute letter and certified mail receipts are attached hereto as <u>Exhibit J</u>.

28. Therefore, Plaintiffs disputed the accuracy of the derogatory information reported by Chase to the Consumer Reporting Agencies, Equifax, Experian and Transunion, via certified mail in accordance with  15 U.S.C. § 1681i of the FCRA.

29. On June 14, 2016, Plaintiff Mariah Glenna requested an updated credit report from Equifax and Transunion for review.  On June 16, 2016, Plaintiff Mariah Glenna requested an updated credit report from Experian for review. The trade lines for the Chase account ending in 2149 remained the same as the previous credit reports, as Chase failed to correct the inaccuracies. The trade lines for the account ending in 2149, from the June 2016 credit reports, are attached hereto as <u>Exhibit K</u>.

30. On June 14, 2016, Plaintiff Mariah Glenna requested an updated credit report from Equifax for review.  On June 16, 2016, Plaintiff Mariah Glenna requested an updated credit report from Experian for review. The trade lines for the Chase account ending in 8648 remained the same as the previous credit reports, as Chase failed to correct the inaccuracies. The trade lines for the account ending in 8648, from the June 2016 credit reports, are attached hereto as <u>Exhibit L</u>.

31. On June 14, 2016, Plaintiff Mariah Glenna requested an updated credit report from Equifax and Transunion for review.  On June 16, 2016, Plaintiff Mariah

Glenna requested an updated credit report from Experian for review. The trade lines for the Chase account ending in 8314 remained the same as the previous credit reports, as Chase failed to correct the inaccuracies. The trade lines for the account ending in 8314, from the June 2016 credit reports, are attached hereto as Exhibit M.

32. On June 15, 2016, Plaintiff Corey Glenna requested an updated credit report from Equifax and Transunion for review. The trade lines for the Chase accounts in question remained the same as the January 6, 2016 credit report, as Chase failed to correct the inaccuracies. The relevant portions of the June 15, 2016, credit report are attached hereto as Exhibit N.

33. Equifax, Experian, and Transunion did not notify Chase of the dispute by Plaintiffs in accordance with the FCRA, or alternatively, did notify Chase and Chase failed to properly investigate and delete the trade lines or properly update the trade lines on Plaintiffs' credit reports.

34. If Chase did perform a reasonable investigation of Plaintiffs' dispute, Plaintiffs' Chase accounts would be updated to reflect that the debts were discharged and have a $0 balance.

35. Chase has promised through its subscriber agreements or contracts to accurately update accounts but Chase has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiffs' credit reports.

36. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit information and Plaintiffs' credit reports, concerning the accounts in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Equifax, Experian, and Transunion.

37. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

38. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiffs herein.

## **CLAIM FOR RELIEF**

39. Plaintiffs reassert and incorporate herein by reference all facts and allegations set forth above.

40. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

41. Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

42. Transunion is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

43. Chase is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions

or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

44. Chase is reporting inaccurate credit information concerning Plaintiffs to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

45. Plaintiffs notified Defendants directly of disputes on the accounts' completeness and/or accuracy, as reported.

46. Chase failed to promptly modify the inaccurate information on Plaintiffs' credit reports in violation of 15 U.S.C. § 1681s-2(b).

47. Chase failed to update Plaintiffs' credit reports and/or notify the credit bureaus that the Chase accounts in question were disputed in violation of  15 U.S.C. § 1681s-2(b).

48. Chase failed to complete an investigation of Plaintiffs' written disputes and provide the results of an investigation to Plaintiffs and the credit bureaus within the 30 day statutory period as required by 15 U.S.C. § 1681s-2(b).

49. Equifax, Experian, and Transunion failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiffs' disputes.

50. Equifax, Experian, and Transunion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

51. As a result of the above violations of the FCRA, Defendants are liable to Plaintiffs for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiffs demand that judgment in the sum of $95,000.00 be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiffs*